## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAN J. CATERBONE, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 18-CV-2712** |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

### <u>MEMORANDUM</u>

**SCHMEHL, J.  /s/ JLS**                                                                **JULY 24, 2018**

Plaintiff Stanley J. Caterbone, a frequent *pro se* litigant in this Court,[1] filed this apparent

civil rights action against the Commonwealth of Pennsylvania, the Lancaster County Court of

Common Pleas, and the Pennsylvania Commonwealth Court.  He titles his filing as a "Verified

Petition for Temporary Injunction" (ECF No. 2), which the Court construes as his Complaint.

He has also filed a Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 1.)  On July 21,

2018, Caterbone submitted an "Amended Preliminary Injunction for Emergency Relief," which

duplicates a document he has submitted in Civil Action No. 18-2710.  For the following reasons,

the Court will grant Caterbone leave to proceed *in forma pauperis*, dismiss his Complaint, and

dismiss the "Amended Preliminary Injunction for Emergency Relief" without prejudice to

Caterbone's right to proceed as directed in Civil Action No. 18-2710.

## I.      FACTS

---

[1] *See, e.g.*, *Caterbone v. Nat'l Sec. Agency*, Civ. A. No. 17-867; *Caterbone v. Obama*, Civ. A.
No. 16-4641; *Caterbone v. United States of America*, Civ. A. No. 16-4014; *Caterbone v. Fulton
Fin. Corp.*, Civ. A. No. 10-1558; *Caterbone*, Civ. A. No. 09-5205; *Caterbone v. Cty. of
Lancaster*, Civ. A. No. 08-2983; *Caterbone v. Lancaster Cty. Police Bureau*, Civ. A. No. 08-
2982; *Caterbone v. Comm. of Pa. Dep't of Transp. Bureau of Driver Licensing*, Civ. A. No. 08-
2981; *Caterbone v. Fin. Mgmt. Group*, Civ. A. No. 06-4734; *Caterbone v. Wenger*, Civ. A. No.
06-4650; *Caterbone v. Lancaster Cty. Prison*, Civ. A. No. 05-2288.

Caterbone's Complaint is voluminous and rambling, totaling 470 pages, including

exhibits. Caterbone seeks for the Court to enter a temporary injunction against the three

Defendants. He contends that the Defendants have violated his due process rights in two matters

he has pending in the state courts: (1) his criminal charge for stalking, CP-36-CR-0006520-

2017, which is pending in the Lancaster County Court of Common Pleas, and (2) his appeal from

the denial of an "Injunction for Pain Relief" pending in the Commonwealth Court.

With respect to the criminal matter pending in the Lancaster County Court of Common

Pleas, Caterbone contends that President Judge Dennis Reinaker "purposefully denied" his

application for *in forma pauperis* status and assessed a filing fee of $160.00. Caterbone states

that he cannot pay this fee and therefore his right to appeal a motion to dismiss to the

Pennsylvania Superior Court has been obstructed. With respect to the matter pending in the

Commonwealth Court, Caterbone alleges that the Clerk has "purposefully issued" a notice of

defect to obstruct his right to appeal. Caterbone has attached to his Complaint all the "returned

case documents which [he believes] should have been docketed in the respective courts by the

clerks and adjudicated in the normal and legal manner."[2] As relief, Caterbone requests that the

Court enjoin the Defendants from obstructing his right to due process. He also requests that the

Court reinstate both cases "to the appellate courts" and provide other relief as may be warranted.

Caterbone's "Amended Verified Petition for Temporary Injunction" is a duplicate of a

document he has submitted in Civil Action No. 18-2710. In that matter, he has brought suit

against 294 Defendants, raising allegations regarding CIA and FBI programs dating back to the

1940s as well as events in his life for the past 31 years. To summarize, Caterbone appears to be

alleging that federal, state, and local governments, as well as the Lancaster community, are

---

[2] The Court need not summarize the contents of these documents, as they have no relevance to
Caterbone's due process claims.

conspiring against him, attacking him, torturing him, and threatening his life and property, thereby violating various federal criminal and civil rights laws.

## II.      STANDARD OF REVIEW

The Court will grant Caterbone leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Caterbone is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

As noted above, it appears that Caterbone is asserting constitutional claims against the

Defendants pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege

the violation of a right secured by the Constitution and laws of the United States, and must show

that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48 (1988). Caterbone's claims fail for the following reasons.

First, Caterbone has not named an entity or individual that can be sued under § 1983. All

three Defendants are not "persons" subject to liability under that statute and, in any event, are

entitled to Eleventh Amendment immunity from Caterbone's claims. *See Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241

(3d Cir. 2005); *Lyman v. Phila. Ct. of Common Pleas*, No. 16-5191, 2017 WL 2813228, at *7

(E.D. Pa. June 29, 2017). For that reason alone, Caterbone's Complaint is subject to dismissal.

In any event, the Court cannot provide the relief Caterbone seeks, as this Court may not

intervene in his state criminal and civil proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44

(1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam)

("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the

classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that

basis was clearly appropriate."); *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003) (noting

that "*Younger* has been applied to civil enforcement proceedings and other civil proceedings

involving certain orders that are uniquely in furtherance of the state courts' ability to perform

their judicial functions").

As noted above, Caterbone's "Amended Verified Petition for Temporary Injunction" is a

duplicate of one he has filed in Civil Action No. 18-2710. This document has no relation to the

claims Caterbone raises in this lawsuit. Accordingly, the "Amended Verified Petition for

Temporary Injunction" will be dismissed without prejudice to Caterbone's right to proceed as directed in Civil Action No. 18-2710.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Caterbone leave to proceed *in forma pauperis* and dismiss his Complaint. Caterbone will not be permitted to file an amended complaint, as it does not appear that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Caterbone's "Amended Preliminary Injunction for Emergency Relief" will be dismissed without prejudice to Caterbone's right to proceed as directed in Civil Action No. 18-2710. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**